UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FAYE HUDSON and WILLIAM HUDSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE FARM MUTUAL AUTO. INS. CO., and ) <br> JOHN DOE, ) <br> ) <br> Defendants. ) | No. 3:12-CV-083 <br> (JORDAN/GUYTON) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Amend Complaint [Doc. 30]. Plaintiffs move the Court to allow them to modify their Complaint to incorporate facts revealed in recent depositions. [Id. at 1]. The Plaintiffs have attached the proposed Amended Complaint to their Motion to Amend Complaint, [Doc. 30-1]. Plaintiffs note that leave to amend should be freely given and maintain that the proposed amendments may defeat the Defendant's statute of limitations defense.

The Defendant has responded in opposition to the Motion to Amend. [Doc. 32]. Defendant argues that the Court should not delay ruling on the Motion for Summary Judgment to allow Plaintiffs to amend their Complaint. [Id. at 1]. Further, Defendant maintains that the Plaintiff's argument regarding the statute of limitations is futile. [Id. at 2]. Finally, the Defendant argues that the Plaintiffs' Motion to Amend is deficient under the Federal Rules of

Civil Procedure because Plaintiffs do not discuss factors often considered by courts in deciding such motions. [Id. at 4].

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court has considered the Defendant's objections, but in this case, the Court finds that Plaintiffs should be allowed an opportunity to amend. First, the Court finds that the amendment will cause little delay in the disposition of the pending dispositive motion, and the amendment is unlikely delay the trial set to commence January 15, 2014. Second, the Court cannot say, based upon the filings before the undersigned, that the proposed amendments are futile. The Defendant may address any legal deficiencies in the amended pleading by supplementing their dispositive motion. Finally, the Court finds that discussing the factors considering in analyzing a motion under Rule 15 of the Federal Rules of Civil Procedure is best practice, but such discussion is not a condition precedent to the Court granting leave to amend.

Based upon the foregoing and for good cause shown, the Motion to Amend Complaint **[Doc. 30]** is **GRANTED**. The Clerk of Court **SHALL DOCKET** the proposed Amended Complaint for Damages [Doc. 30-1], as the Amended Complaint in this matter. If the parties desire to supplement their briefing on the Motion for Summary Judgment, they shall do so on or before **August 30, 2013**.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

2

Case 3:12-cv-00083-RLJ-HBG   Document 33   Filed 08/06/13   Page 2 of 2   PageID #: 424