IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| FAYE HUDSON and husband, ) | |
| WILLIAM HUDSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12-CV-83 |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY and ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of "Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment" [doc. 12]. Plaintiffs have filed a response [docs. 19, 20, 21, 24, 25], and defendant State Farm Mutual Automobile Insurance Company ("State Farm") has submitted a reply [doc. 29]. State Farm has also filed a supplemental brief [doc. 36].[1]

Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons that follow, the motion will be granted. However, this case will not be completely dismissed since two minor claims remain.

---

[1] Pursuant to the magistrate judge's order granting plaintiffs' motion to amend the complaint [doc. 33], the parties were given leave to supplement their briefing on the motion for summary judgment.

## I.

*Background*

On March 22, 2010, plaintiff Faye Hudson was operating her vehicle when she stopped suddenly and was struck from behind. The driver of the vehicle that hit plaintiff's vehicle came to plaintiff's window and asked if she was alright. They exchanged a few words and pulled their vehicles to the side of the road. When plaintiff suggested that they needed to report the accident by calling 911, the other driver requested that plaintiff not call 911 because plaintiff's vehicle was not damaged and he worked at a body shop where repairs could be made to his vehicle that was damaged. At that point, plaintiff had not gotten out of her car. When plaintiff insisted that the accident be reported, the other driver returned to his car ostensibly to obtain insurance information. However, he drove away, and was never identified.

At the time of the accident, plaintiffs' policy provided coverage for "***medical expenses*** incurred because of bodily injury that is sustained by an ***insured*** and caused by a motor vehicle accident." (Emphasis in original). The limit on such payments was $1,000. The policy also included uninsured motorist coverage that provided in relevant part:

> Under **Uninsured Motor Vehicle Coverage (Bodily Injury)**, *we* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:
>
> a.     sustained by an ***insured***, and
>
> b.     caused by an accident that involves the operation,

> maintenance, or use of an ***uninsured motor vehicle*** as a
> motor vehicle. (Emphasis in original).

Plaintiff reported the accident and possible personal injury to her insurance carrier, defendant State Farm, on the same day the accident occurred. Arrangements were made for a vehicle inspection, but after that plaintiff had no contact with State Farm until October 2010. At that time, plaintiff was provided information concerning the medical payment coverage that included the $1,000 limit and that it dealt with "necessary medical treatment resulting from the accident." Authorization forms were also sent to plaintiff to further the claim investigation. In a letter dated January 17, 2011, State Farm notified Mrs. Hudson regarding the statute of limitations ("SOL") applicable in Tennessee. The letter states in relevant part:

> Please be advised the one-year Statute of Limitations, as provided by Tennessee state law, expires for your claim on March 22, 2011[.] This means you will not be able to maintain a cause of action for your bodily injury claim after March 22, 2011 if your claim has not been concluded or if you have not filed suit against our insured by that date.

On January 18, 2011, Mrs. Hudson saw Brent Webb at the Park Med Urgent Care Center. Plaintiff reported to him that she had been in a rear-end motor vehicle accident in March 2010 and had not seen a doctor since the accident. He saw the plaintiff only once and diagnosed a "lumbar torsion." In his deposition he testified from his record notes that plaintiff's "sacroiliac unevenness can be due to many things, a car wreck is one of them." Beginning on January 19, 2011, Faye Hudson began physical therapy and received multiple

3

therapy sessions through May 3, 2011. "Explanation of Review" documents contained in the court record indicate that State Farm classified these services as "SF148 This procedure was performed for a condition not related to the motor vehicle accident." State Farm subsequently denied Faye Hudson's claim on the basis that her alleged injuries were not the result of the accident on March 22, 2010.

On March 17, 2011, Mrs. Hudson filed a civil warrant in general sessions court in Blount County, Tennessee naming "State Farm Insurance Companies" as the defendant. She sought "damages from auto accident medical expenses to include future therapy." On May 4, 2011, plaintiff filed a second civil warrant that included William Hudson as a plaintiff and "John Doe" as a defendant. That warrant included allegations "for all damages to both Plaintiff"s (sic) arising out of motor vehicle accident occuring (sic) on March 22, 2010 . . . All damages for bad faith against Defendant State Farm & breach of contract." By an agreed order, the case was transferred to Blount County Circuit Court on August 16, 2011. Plaintiffs filed a motion to amend on December 2, 2011, which was granted by an agreed order on January 25, 2012. The amended complaint was filed on February 7, 2012. The amended complaint asserted negligence claims against John Doe and sought personal injury damages from John Doe. William Hudson asserted a loss of consortium claim. Also included were references to claims under the Tennessee Consumer Protection Act ("TCPA"), bad faith pursuant to Tennessee Code Annotated 56-7-105 and breach of contract.

4

On February 21, 2012, State Farm removed the case to this court [doc. 1], after which plaintiffs moved to remand the case [doc. 3]. The court denied plaintiffs' motion to remand [doc. 9]. Plaintiffs were again permitted to amend their complaint [doc. 33], and as a result, the parties were permitted to file a supplemental brief in support of their positions concerning the motion for summary judgment [docs. 33, 36].

II.

*Standard of Review*

State Farm's motion is brought pursuant to Federal Rule of Civil Procedure 56, which governs summary judgment. Rule 56(a) sets forth the standard governing summary judgment and provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The procedure set out in Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion." This can be done by citation to materials in the record, which include depositions, documents, affidavits, stipulations, and electronically stored information. Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c)(1)(B) allows a party to "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

5

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)).

In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

III.

*Analysis*

<u>John Doe Claim/One-Year Statute of Limitations/
Tenn. Code Ann. § 20-1-119</u>

The second civil warrant filed by plaintiffs on May 4, 2011, added John Doe as a defendant. The one-year statute of limitations for personal injury claims, Tennessee Code Annotated § 28-3-104(a)(1), ran on March 22, 2011, since the accident at issue in this case occurred on March 22, 2010. State Farm contends that plaintiffs' claim for uninsured

6

motorist coverage under the policy is time barred since the John Doe defendant was added after the statute ran. Plaintiffs argue that Tenn. Code Ann. § 20-1-119 extends the statute of limitations to allow the claim. The court agrees with State Farm that the claims under the uninsured motorist coverage are time barred.

Tenn. Code Ann. § 56-7-1201 *et seq*. governs claims against uninsured motorist carriers. That statute provides in relevant part:

> If the owner or operator of any motor vehicle that causes bodily injury or property damage to a person insured under this part is unknown and if the insured satisfies all of the requirements of § 56-7-1201(e), should suit be instituted, the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of the owner's uninsured motorist policy. . . .

Tenn. Code Ann. § 56-7-1206(b). "Where an insured plaintiff fails to assert liability through this procedure within one year of the incident at issue, that plaintiff is foreclosed from recovering from the uninsured/underinsured motorist carrier, consistent with the general one-year statute of limitations on personal injury claims." *Brown v. Webb*, No. 3:11-cv-00340, 2012 WL 398327, at *3 (M.D. Tenn. Feb. 7, 2012) (citing *Gafford v. Caruthers*, No. 91C-2709, 1994 WL 420917, at *2 (Tenn. Ct. App. Aug. 12, 1994); *Lane v. Montgomery*, No. E2006-01643-COAR3-CV, 2007 WL 1860903, at *4-5 (Tenn. Ct. App. June 28, 2007)). Plaintiffs' amendment adding the John Doe defendant was made after the statute of limitations had run; therefore, the John Doe/uninsured motorist claim is barred and no action can be maintained against the uninsured motorist carrier, State Farm. *Lane*, 2007 WL

7

1860903, at *5 (citing *Gafford*, 1994 WL 420917, at *2) ("This amendment was filed well outside the period of the one-year statute of limitations; therefore, the plaintiff's cause of action against 'John Doe' is time-barred. Because the plaintiff no longer has a cause of action against the unknown tortfeasor, she can no longer maintain an action against [the insurance carrier] to recover uninsured motorist benefits."). Thus, unless plaintiffs can meet their burden of showing an exception to the statute of limitations, the uninsured motorist claim is time-barred. *Shaffer v. Memphis Airport Auth.*, No. W2012-00237-COA-R9-CV, 2013 WL 209309, at *5 (Tenn. Ct. App. Jan. 18, 2013) (undisputed that plaintiff's claims were time-barred unless plaintiff met burden of demonstrating an exception to statute of limitations).

Plaintiffs contend that Tenn. Code Ann. § 20-1-119 provides an exception and therefore the statute of limitations was extended 90 days to cover the time of the John Doe amendment. As discussed below, that statutory provision does not apply in this case. Tenn. Code Ann. § 20-1-119 provides in relevant part:

> (a) In civil actions where *comparative fault* is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations . . . alleges *in an answer or amended answer* to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the *first answer or first amended answer* alleging that person's fault, either:

8

> (1) Amend the complaint to add the person as a defendant
> pursuant to Tenn. R. Civ. P. 15 and cause process to be issued
> for that person. . . .

Tenn. Code Ann. § 20-1-119 (emphasis added).

State Farm initially argues that this statute does not apply because comparative fault is not an issue in this case. "By its plain terms, Tennessee Code Annotated section 20-1-119 applies only to civil cases in which 'comparative fault' is or becomes an issue." *Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877, 882 (Tenn. 2005). In the motion to dismiss filed in general sessions court, State Farm argued that plaintiffs had not sued an indispensable party, John Doe, and that the John Doe claim was now time barred. State Farm did not raise the issue of comparative fault. There is no showing that this case involves comparative fault or that it involves comparative fault issues as addressed by § 20-1-119.

Further, State Farm correctly argues that the statute requires that the comparative tortfeasor be identified exclusively in an answer or amended answer. "By its own terms, § 20-1-119 applies only where 'a defendant . . . alleges *in an answer or amended answer* to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery.' This language is clear and unambiguous." *Grindstaff v. Bowman*, No. E2007-00135-COA-R3-CV, 2008 WL 2219274, at *4 (Tenn. Ct. App. May 29, 2008) (emphasis added). In *Grindstaff*, the defendant identified a responsible non-party in a letter to plaintiffs' attorney that was not made a part of the defendant's answer. The court of appeals held that the letter was "simply

9

not the same thing as an 'answer.'" *Id*. The court stated that it could not "deviate from the plain language of the statute" and further concluded, "Again, the language of § 20-1-119 is explicit and unambiguous: it applies only to answers that point the finger of blame at 'a person not a party to the suit.' This court made clear in *McCullough v. Johnson City Emergency Physicians, P.C.*, 106 S.W.3d 36, 46 (Tenn. Ct. App. 2002), that this statutory requirement is to be strictly applied." *Id*.; *see also Shaffer*, 2013 WL 209309 (by its express terms, section 20-1-119 not triggered by defendant's response to discovery request).

Plaintiffs' contention that the motion to dismiss in general sessions court should be construed as an "appearance and answer" is without merit. *Johnson v. Trane U.S., Inc.*, No. W2011-01236-COA-R3-CV, 2013 WL 4436396, at *5 (Tenn. Ct. App. Aug. 19, 2013). In *Trane*, the defendant had not alleged comparative fault in his answer. The court of appeals found:

> Plaintiff argues that section 20-1-119 should have been applicable because [defendant] Winfrey argued, in a motion to dismiss, that Trane was an indispensable party. Plaintiff claims that "[a]n indispensable party is analogous to a comparative fault tortfeasor," and that a motion to dismiss is analogous to an answer, and therefore, he should have been afforded ninety days to amend his complaint pursuant to section 20-1-119. We find no merit in this argument. Our role is to interpret the statute as written. We cannot re-write or expand it to apply to circumstances that may be deemed "analogous" to the limited situation addressed by the statute.

*Id*. Accordingly, the court finds that § 20-1-119 does not apply in this case, and the John Doe/uninsured motorist claims are time barred and fail as a matter of law.

## William Hudson's Loss of Consortium Claim

William Hudson was added as a plaintiff in the second civil warrant that was filed on May 4, 2011. State Farm argues that William Hudson's loss of consortium claim is barred by the one-year statute of limitations. Plaintiffs simply state that the claim is not barred because of Tenn. Code Ann. § 20-1-119.

As discussed above, § 20-1-119 does not apply in this case. The provision does not extend the statute of limitations for the John Doe/uninsured motorist claim or for the loss of consortium claim. William Hudson's loss of consortium claim is subject to the one-year statute of limitations, and it was not timely filed.

In Tennessee, a loss of consortium claim "is 'derivative' of the claims of the injured spouse." *Tangradi v. Baptist Mem'l Hosp. of Union City*, No. 1:10-cv-01115-JDB-egb, 2012 WL 2681806, at *8 (W.D. Tenn. July 6, 2012). While it is the physical injuries and incapacities of the spouse that create the loss of consortium claim, the claim is a separate cause of action independent of the spouse's right to recover for injuries. *Id*. (citations omitted); *see also Swafford v. City of Chattanooga*, 743 S.W.2d 174, 178 (Tenn. Ct. App. 1987) ("[T]he right to recover for loss of consortium is a right independent of the [injured] spouse's right to recover for the injuries themselves."). A loss of consortium plaintiff is not relieved of the statute of limitations because the origin of the claim is a spouse's injuries. *Strauss v. Ramada Inn E.*, No. 02A01-9211-CV-00307, 1994 WL 198882, at *1-2 (Tenn. Ct. App. May 23, 1994). In *Strauss*, the plaintiff filed suit for injuries resulting from a fall.

11

She filed a voluntary nonsuit and a year later re-filed the lawsuit. Plaintiff then moved to amend the complaint and add a loss of consortium claim for her husband, which the defendant objected to as being untimely. The trial court allowed the amendment, but the court of appeals reversed the trial court's decision allowing the amendment. The court of appeals ruled that the husband's loss of consortium claim was barred because it had not been brought within the one-year statute of limitations. "Thus, *Strauss* makes clear that a spouse suing for loss of consortium cannot avoid dismissal for filing his claim beyond the statute of limitations simply because his wife's claim was timely." *Tangradi*, 2012 WL 2681806, at *8.

William Hudson was added as a plaintiff for his loss of consortium claim on May 4, 2011. The one-year statute of limitations on his and his wife's claims ran on March 22, 2011. Accordingly, the loss of consortium claim was not brought within the one-year statute of limitations, and the claim is barred.

### Bad Faith Claim - Tenn. Code Ann. § 56-7-105

State Farm argues that the statutory bad faith claim should be dismissed because plaintiffs did not meet the notice requirement. Plaintiffs contend that making a claim to the insurance company meets the requirement and also, without citation to authority, contend that State Farm is estopped from arguing that the formal demand was not made. The court agrees with State Farm that the claim must be dismissed.

12

"Tenn. Code Ann. § 56-7-105(a) is penal in nature and must be strictly construed." *Ginn v. Am. Heritage Life Ins. Co.*, 173 S.W.3d 433, 443 (Tenn. Ct. App. 2004) (citing *Stooksbury v. Am. Nat'l Prop. & Cas. Co.*, 126 S.W.3d 505, 519 (Tenn. Ct. App. 2003)). To recover a bad faith penalty under the statute, the plaintiffs must prove: "(1) that the policy became due and payable under its terms; (2) the insured made a formal demand for payment; (3) sixty days passed from the date of making the demand, unless the insurer refused to pay the claim prior to the passage of sixty days; and (4) the refusal to pay was in bad faith." *Taylor v. Standard Ins. Co.*, No. 08-2585 V, 2009 WL 113457, at *5 (W.D. Tenn. Jan. 13, 2009) (citing *Minton v. Tenn. Farmers Mut. Ins. Co.*, 832 S.W.2d 35, 38 (Tenn. Ct. App. 1992)).

None of plaintiffs' several complaints contain allegations concerning the specific elements of statutory bad faith claim, and plaintiffs have not presented any evidence to establish that a formal demand was made and that the sixty-day time period was met. The denial of their claims and the filing of a civil warrant are insufficient to meet the formal notice and sixty-day requirements under the statute. Nothing in the record demonstrates that the plaintiffs have established these requisite elements. The purposes for the formal demand under § 56-7-105 are: "(1) the insurance company has an opportunity to investigate the insured's claim and loss; (2) the insurance company is aware or has notice from the insured of the insured's intent to assert a bad faith claim, if the disputed claim is not paid, and (3) 60 days has expired after the insured gives such notice before filing suit." *Hampton v. Allstate*

13

*Ins. Co.*, 48 F. Supp. 2d 739, 747 (M.D. Tenn. 1999). Plaintiffs have not established all of the requisite elements to sustain a claim for bad faith under § 56-7-105. Accordingly, the claim will be dismissed.

Equitable Estoppel

Plaintiffs allege in the most recently amended complaint that State Farm misled them into believing that their claims would be settled and that the claims were denied right before the statute of limitations ran. Thus, they contend that equitable estoppel should be applied to prevent State Farm from invoking the statute of limitations on their claims, John Doe/uninsured motorist and loss of consortium. State Farm argues that equitable estoppel does not apply as plaintiffs cannot demonstrate the required elements. The court agrees.

Equitable estoppel is generally a disfavored doctrine under Tennessee law. *Toney v. Cunningham*, No. 02A01-9801-CV-00005, 1999 WL 188291, at *2 (Tenn. Ct. App. Apr. 6, 1999) (citing *Sexton v. Sevier Cnty.*, 948 S.W.2d 747, 750 (Tenn. Ct. App. 1997))(citing *ACG, Inc. v. Se. Elevator, Inc.,* 912 S.W.2d 163, 170 (Tenn. Ct. App. 1995); *Robinson v. Tenn. Farmers Mut. Ins. Co.*, 857 S.W.2d 559, 563 (Tenn. Ct. App. 1993)). The party invoking the doctrine has the burden of proving the elements applicable to the party to be estopped which include:

> (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts

14

> to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; [and] (3) Knowledge, actual or constructive of the real facts.

*Toney*, 1999 WL 188291, at *3 (quoting *Werne v. Sanderson*, 954 S.W.2d 742, 745 (Tenn. Ct. App. 1997)(quoting *Consumer Credit Union v. Hite,* 801 S.W.2d 822, 825 (Tenn. Ct. App. 1990))). In addition, there are elements related to the party invoking the doctrine that must be proven which include

> (1) his or her lack of knowledge and of the means of knowledge of the truth as to the facts in question;
> (2) his or her reliance upon the conduct of the party who is estopped; and
> (3) action by the invoking party based thereon of such a character as to change that party's position prejudicially.

*Id*. (quoting *Sexton,* 948 S.W.2d at 751 (citing *ACG*, 912 S.W.2d at 170; *Robinson*, 857 S.W.2d at 563; *Gitter v. Tenn. Farmers Mut. Ins. Co.*, 450 S.W.2d 780, 783 (Tenn. Ct. App. 1969)).

In the court's opinion, plaintiffs cannot demonstrate a lack of knowledge and means of knowledge of the truth and also that action by State Farm caused them to change their position prejudicially. Plaintiffs had the opportunity to have full knowledge of the terms of their insurance policy by reading it and the declaration pages that were sent every year. Mrs. Hudson admittedly did not read the policy or the declaration pages. Clearly, she did so at her own risk. Had she read the terms of the policy, she would have learned that the injuries for which she and her husband sought payment had to be caused by an automobile accident. Faye Hudson did not seek treatment for her alleged injury until ten months after

15

the accident and saw Dr. Webb at the Park Med Urgent Care Center one time. He concluded that her condition could be caused by several things, one of which was an automobile accident. Further, plaintiffs were duly notified of the SOL and had the opportunity to consult with and obtain an attorney's advice concerning the status of their claims and how best to proceed. They discussed this fact among themselves, and in fact Faye Hudson contacted a law firm and legal aid concerning her situation. Both plaintiffs had the opportunity and means to obtain knowledge about their policy, their rights under the policy, and what course they should follow.

In addition, plaintiffs were not led to change their position prejudicially. Faye Hudson, after seeking legal advice, chose to file her lawsuit in general sessions court naming State Farm as the defendant. She did so within the SOL period; thus, she was not prejudiced by losing her right to sue over the denial of her claim. Her failure to initially name her husband as a plaintiff or include John Doe as a defendant was a choice she made, as she had the opportunity and means to obtain the necessary legal advice and representation, and in fact did make contact with two sources for legal advice. Thus, the court finds no basis for the application of equitable estoppel.

Tennessee Consumer Protection Act Claim

Insurance companies through their acts and practices are subject to application of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101 *et seq*.

16

*Leverette v. Tenn. Farmers Mut. Ins. Co.*, No. M2011-00264-COA-R3-CV, 2013 WL 817230, at *20 (Tenn. Ct. App. Mar. 4, 2013) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 925 (Tenn. 1998)). "In order to recover under the TCPA, the plaintiff must prove: (1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated.'" *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (quoting Tenn. Code Ann. § 47-18-109(a)(1)); *see also D'Alessandro v. Lake Developers, II, LLC*, No. E2011-01487-COA-R3-CV, 2012 WL 1900543, at *9 (Tenn. Ct. App. May 25, 2012).

Plaintiffs contend in the amended complaint that they were misled about their claims being honored and that the claims were denied shortly before the statute of limitations ran. State Farm argues that plaintiffs' testimony regarding the unfair and deceptive nature of the SOL letter cannot establish that they suffered any harm. The court concludes that plaintiffs did not sustain an ascertainable loss and therefore cannot demonstrate a TCPA claim. "[I]n order to recover under the Tennessee Consumer Protection Act, the alleged 'unfair or deceptive act or practice' must in fact cause the damages of which the plaintiff complains." *White v. Early*, 211 S.W.3d 723, 743 (Tenn. Ct. App. 2006).

To the extent plaintiffs' TCPA claim is based upon language in the SOL letter, the claim has no basis. While the language referred to filing suit "against our insured," plaintiff Faye Hudson admitted that such a result would be "silly" and she never believed

17

that she would be required to sue herself. Further, the letter makes no reference to proceeding *pro se* or not obtaining counsel. When the letter was sent, over two months of the statute of limitations period remained, which was ample time for plaintiffs to retain counsel and file suit if necessary. Both plaintiffs discussed obtaining counsel, and Faye Hudson spoke with a law firm and legal aid before proceeding to file suit *pro se* in general sessions court. Faye Hudson chose to file suit as she did, without an attorney and in general sessions court.

The other allegations asserted by plaintiffs also fail to show that they suffered an ascertainable loss. Had Mrs. Hudson read her policy along with the declaration pages she received twice a year, she would have been aware that the entitlement to medical payments was based upon a showing that the injuries sustained were the result of a motor vehicle accident. The "Explanation of Review" documents contained in the file show that Fay Hudson's treatments at the Therapy Center from January 19, 2011, through May 3, 2011, were coded by State Farm as "SF148 This procedure was performed for a condition not related to the motor vehicle accident." Doctor Webb testified in his deposition that he saw Faye Hudson once, ten months after the accident, and he noted that plaintiff had not seen an doctor since the accident. Dr. Webb "diagnosed [plaintiff] with a lumbosacral torsion on the right." He testified that a sacroiliac unevenness can have many causes, and an automobile accident is one of them.

18

State Farm ultimately determined that Mrs. Hudson's condition was not related to the automobile accident and denied the claim. Plaintiff's ability to obtain payment for her claim was always based upon the terms of the policy and an adequate showing that the claimed injury was caused by a motor vehicle accident. While her claim was denied, Mrs. Hudson maintained her right to file suit to contest the denial, which in fact she did within the statute of limitations period. She was provided with notice of the SOL deadline more than two months prior to its expiration, and she filed within the deadline, thus sustaining no loss of rights. Where and how she filed suit, as well as the parties she named or failed to name, were her decision. She had access to legal advice and even contacted two sources for such advice. Simply having her claim denied for the reasons given is not sufficient to demonstrate an ascertainable loss. She retained her right to sue over the denial of the claim within in the statute of limitations period, and did so. Neither Faye Hudson nor her husband can demonstrate an ascertainable loss to sustain a TCPA claim. Accordingly, the claim will be dismissed.

Remaining Claims

State Farm's motion for summary judgment does not reference the breach of contract claim or the claim for property damage to plaintiffs' vehicle, "not to exceed $2,500." After the court's rulings as set forth above, any breach of contract claim by Faye Hudson is limited to the medical payments coverage under the policy that has a maximum amount of

$1,000. Mrs. Hudson testified that she was told by State Farm that she would be paid the $1,000 medical payment. While the documentary evidence in the file does not support plaintiff's contention, the court does not weigh the evidence or judge the credibility of witnesses on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Any breach of contract claim by Faye Hudson based upon the uninsured motorist coverage is time barred. As to the alleged property damage, any breach of contract claim for such damage that is based upon the uninsured motorist coverage is also time barred. Any breach of contract claim for the property damage can only possibly be based upon the collision coverage under the policy, and is limited to the amount sought in the complaint.

## IV.

### *Conclusion*

For the reasons stated herein, "Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment" [doc. 12] will be granted. However, the case will not be completely dismissed as there are claims discussed herein that were not raised in the motion for summary judgment that remain for resolution to the extent explained by the court. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge